FILED ___ ENTERED
___ LOGGED ___ RECEIVED

OCT 02 2019

IN THE US DISTRICT COURT FOR THE DISTRICT OF MARYLAND
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY_____ DEPUTY

Susan Nwoga \
Plaintiff

vs.

CASE No. 11-811-4013

Richard Karceski \
Silverman, Thompson et al

GLR-19-2899

and

Howard Schulman \
Wright, Constable & Skeen, LLP \
Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CIVIL SUIT - Theft by Deception, Larceny, Receiving Stolen Property and Violation of the Fair Debt Collection Practices Act**

COMES NOW the Defendant, pro-se, in a Civil Suit against Richard Karceski and the Law Firm of Silverman, Thompson, Slutkin, & White, and Howard Schulman of Wright, Constable and Skeen, LLP for Theft by Deception, Larceny, Receiving Stolen Property and Professional Misconduct, and in support thereof states the following:

### BACKGROUND

In the spring of 2018, the Plaintiff was facing complicated criminal charges stemming from her running of her downtown Baltimore pharmacy. She knew she was innocent and asked her attorney, Howard Schulman, to recommend a seasoned trial attorney to assist him as co-counsel.

On May 1, 2018, the Plaintiff and her husband Joe Nwoga were summoned to Mr. Schulman's office to meet famed trial attorney Richard Karceski. Mr. Karceski had operated as a sole practitioner for most of his Towson, Maryland-based career. Unbeknownst to the Plaintiff, in the last few years Mr. Karceski joined mega-firm Silverman, Thompson, Slutkin & White as a criminal lawyer.

The Plaintiff arrived at the meeting with her case information and an article from the Baltimore *Sun*. The *Sun* article featured Steve Silverman, the managing partner of Silverman, Thompson, and Brent Matthews a State witness in her case. In a separate case Mr. Matthews was suing, the State for $40 million for wrongful imprisonment Silverman Thompson was representing Mr. Matthews in his suit. The *Sun* article was about the case and quoted Mr. Silverman as Mr. Matthews' lawyer.

The Plaintiff shook hands with Mr. Karceski and handed him the article from the Sun featuring Mr. Silverman and Mr. Matthews. Mr. Karceski said excitedly "My firm is representing that guy (and pointed to the photo of Mr. Silverman and Mr. Matthews)."

At that point, Mr. Karceski had the duty to recuse himself from the case. Mr. Matthews was already represented by Silverman, Thompson. It was a clear conflict of interest. Taking the Plaintiff's case was a conflict of interest, and Mr. Karceski knew it. The Plaintiff and her husband did not.

Rather than recusing himself from the case, Mr. Karceski and Mr. Schulman signed the Plaintiff and began extracting huge payments for legal fees. Mr. Schulman demanded $30,000 upfront. Mr. Karceski asked for $25,000 and then proceeded to demand a total of $106,000 in increments of $25,000.

On Friday, February 1, 2019, four days before the Plaintiff's trial and after having been paid $100,000, Mr. Karceski handed a waiver/release form to the Plaintiff notifying her of his conflict of interest. The Plaintiff was stunned. Again, it was four days before the trial and they'd paid Mr. Karceski $100,000.

Mr. Karceski told the Plaintiff that because Silverman Thompson represented Mr. Matthews there was a conflict of interest with his representing her. The Plaintiff didn't understand what that meant. It was four days before the trial and her focus was saving her life.

Mr. Karceski told the Plaintiff she could get a new lawyer, and he would return a portion of her money or she could sign the waiver and he would represent her on Monday when her trial began. He thought she could sign the waiver. Mr. Schulman told her the conflict of interest wasn't a big deal and that she should sign the waiver. Because of the conflict of interest, Mr. Karceski and Mr.

Schulman had no business advising her about signing the waiver. They advised her anyway and told her to sign the release. Presenting the conflict of interest release proves consciousness of guilt.

The Plaintiff was not sophisticated when it came to the law and had yet to discover the depth of Misters Karceski and Schulman and their partners deception and theft, She'd also come to consider Misters Schulman and Karceski as family and relied on him. She told them the most private details of her life. Her life was in their hands. She signed the waiver.

The trial began on February 4, 2019. Mr. Karceski opted for a bench trial. The State put on a robust case and put on a week's worth of witnesses. Mr. Karceski didn't call any witnesses and the Plaintiff who speaks English as her second language was put on the stand tasked with explaining complex matters to the Judge. Misters Karceski and Schulman did not bring an interpreter. The Plaintiff was found guilty and sentenced to 5-years in prison.

Misters Karceski and Schulman will argue that the Petitioner is just angry because she's in prison. That's not true. The Petitioner is a naturalized American citizen who absolutely loves her new country. She came to this country legally over 30 years ago. She trusts and loves the American legal system. All the Petitioner wants to know is what would the outcome of the trial have been if Misters Karceski and Schulman did not have a conflict of interest. She wants to present a case with facts that are not tainted by scandal.

Following sentencing, the Plaintiff, and her husband learned that Mr. Karceski struck secret deals with Government officials and witnesses. These witnesses would have exonerated the Plaintiff but would have been harmful to Mr. Matthews' case and the $40 million Silverman Thompson wanted to win.

Silverman Thompson is coming off a series of financial and prestige losses. The failure of the National Hockey League civil suit and other cases failures put the firm in dire financial straits. Partner salaries and overhead are high and cash flow weak. The firm partners continually argue about dividing monies, bonuses and salaries. The Personal Injury branch of the firm is the most profitable while the criminal defense and civil side struggle to keep up. Mr. Silverman needed a $40 million win for the money, and for the prestige. His partners would not allow him to spend thousands of dollars in billable hours on Mr. Matthews case. So they used the Plaintiff case to

provide the research for Mr. Mathews. This situation is why conflict of interst checks are done by firms before a case is signed. Mr. Karceski and Mr. Silverman knew there was a conflict of interest in May 2018. So did Mr. Schulman. Greed caused them to sacrifice the Plaintiff.

The Plaintiff's case centered on whether or not she knowingly filled fake prescriptions for controlled substances. Mr. Matthews presented these prescriptions at big box drug stores as well as small ones like the Plaintiff's. The pharmacists in the big box stores aren't in jail. The Plaintiff is. We believe the conflict of interest is the key reason the Plaintiff is in prison. She was not provided the defense she paid for because Wright, Constable & Skeen needed Mr. Schulman's $30,000 and Silverman, Thompson, Slutkin & White; Silverman Thompson needed a public and financial win. They sacrificed the Plaintiff to get them. The Plaintiff is in prison because of it.

## LEGAL ARGUMENT

1) At its core this is a simple case of theft, larceny, receipt of stolen property and professional misconduct. It's also a violation of the Fair Debt Collection Practices Act.

2) Theft by Deception (7-101b) states that the offenders must create a false impression that they know not to be true. Karceski and Schulman duped the Plaintiff into believing that she was paying for a robust defense. Karceski and Schulman knew on May 1, 2018 they had a conflict with the case and took the Plaintiff's $136,000 anyway. They also promised to perform services they didn't into to perform – namely a robust, conflict free defense. Karceski and Schulman used fraud to take the Plaintiff's money State v. Grover, 267, Md. 602, 298, A 2d, 378 (1973). It's larceny.

3) Wright, Constable & Skeen and Silverman, Thompson, Slutkin & White knew about the deception because they read both the Baltimore Sun and Maryland Daily Record. They knew there was a conflict of interest and their greed caused them to look the other way. Depositing the Plaintiff's money into their accounts is receipt of stolen property (Jackson v. State, 10 Md. App 337, 270, A 2d, 322 (1970).

4) Misters Karceski and Schulman demanded a combined $136,000 of the Plaintiff's money between May 1, 2018 and February 4, 2019. They knew they had a conflict of interest

and could not adequately represent the Plaintiff. They stole her money. And then their firms deposited their stolen money.

5) The court will ask why and the answer is simple.

6) Silverman Thompson needed a $40 million win. The firm, especially the criminal and civil sides, needed the money and prestige a big civil case would bring. Following the financial bloodbath the firm took NHL suit and they didn't want to take a huge financial risk on another civil case again. So they used the Plaintiff to pay for research that benefitted Mr. Matthews.

7) Wright et al also needed the money and their pride was bruised that Mr. Karceski was added to the case.

8) The Fair Debt Collection Practices Act was passed to eliminate abusive debt collection tactics (15 USC § 1692g), and the Federal Trade Commission Act (15 USC §.45g) was enacted to end unfair and deceptive business practices. Wright et al and Silverman Thompson violated both 15 USC.§.1692g and 15 USC.§.45g. Both acts are in place to protect consumers from the unscrupulous tactics often used by companies collecting debts. Legal debts are consumer debts and subject to both 15 USC § 1692g and 15 USC §.45g. Silverman Thompson offered credit by allowing the Plaintiff to pay for her legal services over time – or credit. That extension of credit subjects the firm to the FDCPA. The threat of legal action came out of the extension of credit.

9) "Violations of the FDCPA must be construed liberally in favor of the consumer," McDaniel vs. South & Associates, PC, (2004, PC, Kansas, 325 f, sup. 2d, 1210).

## CONCLUSION

This case is very simple. Mr. Karceski, Mr. Schulman and Silverman, Thompson. Slutkin & White tricked the Plaintiff into giving them $135,000. They secretly used the information from the Plaintiff's case to help Mr. Matthews case. They failed to give the Plaintiff the legal defense she was entitled too and struck secret deals. These actions directly caused the Plaintiff to be sentenced to 5-years in prison. Wright et al got $30,000 and the Plaintiff lost her freedom. Silverman Thompson got $106,000 and free research. The Plaintiff's children have to visit their mother behind bars.

Mr. Karceski and Silverman Thompson set the amount of money that someone is entitled to for false imprisonment at $40 million – the amount they wanted for Mr. Matthews's false imprisonment. The Plaintiff deserves nothing less. She is asking the court for $40 million and/or a Baltimore City jury trial.

Dismissal of a pro se lawsuit for failing to comply with legal standards may only be done if the pleading is so deficient that the court cannot reasonably determine the nature of the complaint, Pfoff v. State, 85, Md. App., 296, 301 (1991). The Pfoff Court acknowledges that pro se filings often do not articulate "the underlying facts, history and legal propositions …" These are not instances in which a petition should be civil suit should be denied." If the suit does substantially comply and the nature of the complaint is ascertainable then the suit must be given due and fair consideration. Further it's mandatory to hold hearings on a Plaintiff's first petition regardless of the merit of the allegations. See e.g. Vernan v. Warden, Md. Penitentiary, 11 Md. App 340, 342 (1971).

Wherefore the Plaintiff prays the following relief:

1) $40 million in damages;
2) A full investigation into the billing and information sharing practices of Silverman, Thompson, Slutkin & White and Wright, Constable and Skeen, LLP;
3) An immediate order to preserve all evidence in this case including information sharing with State's Attorney's, family members and anyone at all;
4) Any and all relief justice may require;


Very truly yours,

*[signature]*

Susan Nwoga
Maryland Correctional Institution for Women
7943 Brockbridge Road
Jessup, Maryland 20794

## CERTIFICATE OF SERVICE

I HEARBY CERTIFY that on this 25TH day of Sept. 2019, the foregoing Civil Suit was mailed, postage paid to

Karceski, Silverman, Thompson, Slutkin, White
1 W. Pennsylvania Ave Suite 905
Towson, Maryland 21204

Schulman, Wright, Constable & Skeen
7 Saint Paul Street, 18TH Floor
Baltimore, Maryland 21202

*(signature)*
Susan Nwoga
7943 Brockbridge Road
Jessup, MD 20794