IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SUSAN NWOGA,         *

   Plaintiff,        *

v.                   *     Civil Action No. GLR-19-2899

RICHARD KARCESKI, et al.,   *

                     *

   Defendants.
***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Susan Nwoga's Complaint against Defendants Richard Karceski, Esq., Howard Shulman, Esq. and their respective law firms, Silverman, Thompson, Slutkin & White ("Silverman Thompson") and Wright, Constable & Skeen, LLP ("Wright Constable") (ECF No. 1). Also pending before the Court is Nwoga's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). For the reasons stated below, the Court will grant the Motion for Leave to Proceed in Forma Pauperis and dismiss the Complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

On October 2, 2019, Nwoga, proceeding pro se, brought suit against her former legal counsel, Karceski and Shulman, as well as their respective law firms, Silverman Thompson and Wright Constable, seeking damages in the amount of $40,000,000 for theft by deception, larceny, receipt of stolen property, professional misconduct, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (2018) ("FDCPA"). (Compl. at 4, ECF No. 1).

1

According to the Complaint, Nwoga retained Karceski to defend her against multiple criminal charges arising from the operation of her pharmacy in Baltimore, Maryland. (Id. at 2). Nwoga claims that Karceski did not inform her until just days before the start of her criminal trial that another attorney at Silverman Thompson was representing Brent Matthews, a witness for the prosecution in her case, in a separate lawsuit against the state for wrongful imprisonment. (Id. at 1–2). After consultation with Shulman, Nwoga signed a waiver and agreed to continued representation by Karceski notwithstanding the conflict of interest. (Id. at 2). Nwoga further alleges that Karceski did not provide her with a "robust" defense against the charges, failed to secure an interpreter to assist in communicating clearly her testimony during trial, and used the research from her case to benefit Matthews' case.[1] (Id. at 3–5). Nwoga was ultimately found guilty and sentenced to five years of imprisonment. (Id. at 2).

Nwoga argues that both Shulman and Karceski were aware of the conflict of interest at the outset of the representation and, as a result, knew that Karceski could not adequately represent Nwoga. (Id. at 2). Therefore, Nwoga claims both attorneys tricked her into giving them $135,000 in legal fees. (Id. at 5).

---

[1] Matthews' wrongful imprisonment case against the State of Maryland and the Baltimore Police Department relates to his conviction for drug offenses, which was vacated once it was discovered that the arresting officer or officers planted evidence. See Civil Action No. SAG-18-1743.

## II. DISCUSSION

### A. Standard of Review

Nwoga filed her Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 (2018), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. Section 1915(e)(2) "'is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989). The Court must sua sponte dismiss claims filed in forma pauperis under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2005). Although the word "prisoner" is occasionally used in 28 U.S.C. § 1915, the court must screen any complaint filed by a plaintiff, whether a prisoner or not, when he or she files in forma pauperis. See id. (affirming the district court's dismissal of non-prisoner's complaint, filed in forma pauperis, pursuant to Section 1915(e)(2) because the section "governs [in forma pauperis] filings in addition to complaints filed by prisoners").

Whether a complaint states a claim upon which relief can be granted under Section 1915(e)(2) is determined by the familiar standard for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003); Sumner v. Tucker, 9 F.Supp.2d 641, 642 (E.D.Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

This Court is mindful of its obligation to liberally construe self-represented pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

**B.    FDCPA Claim**

Nwoga contends that the FDCPA is applicable here because Silverman Thompson and Wright Constable extended her credit to pay the $135,000 in legal fees over time. The Court disagrees.

Generally speaking, the FDCPA is meant to "protect consumers from abusive and deceptive practices by debt collectors." Stewart v. Bierman, 859 F. Supp. 2d 754, 759 (D.Md. 2012). Further, 15 U.S.C. § 1692e (2018) "forbids the use of any false, deceptive, or misleading representation or means in debt collection and provides a non-exhaustive list of prohibited conduct." Id. To state a claim under the FDCPA, a plaintiff must allege "(1) [he or she] has been the object of collection activity arising from consumer debt, (2) the

4

defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Id. at 759–60. Under 15 U.S.C. § 1692a(6), a "debt collector" is "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA does not apply to any person or agency collecting a debt that it originated. See Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC, 929 F.Supp.2d 502, 525 (D.Md. 2013).

Here, Nwoga has not alleged facts to establish that that she was the object of debt collection activity or that Defendants are debt collectors within the meaning of the FDCPA. Defendants here were collecting their own debt, and thus, were merely creditors of Nwoga. Because the Defendants are not debt collectors, Nwoga fails to state a claim under the FDCPA. Accordingly, the Court will dismiss Nwoga's FDCPA claim.

**C.    State Law Claims**

Having dismissed Nwoga's federal claim, the Court next turns to Nwoga's remaining law claims for theft by deception, larceny, receipt of stolen property, and professional misconduct, which arise under state law. Because the Court does not have subject matter jurisdiction over these claims, the Court will dismiss the remaining claims without prejudice.

"Federal courts are courts of limited jurisdiction." Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). There are three principal bases for subject matter

5

jurisdiction in federal court: (1) federal-question jurisdiction ; (2) diversity jurisdiction; (3) and supplemental jurisdiction. Federal courts commonly retain jurisdiction over state law claims based on diversity jurisdiction, which exists when there is an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship. See 28 U.S.C. § 1332(a) (2012). Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

District courts may also retain jurisdiction over state claims based on the doctrine of supplemental jurisdiction. Under this doctrine, when a district court has original jurisdiction, it will also have jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (2012). District courts may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts "enjoy wide latitude" in making this determination. Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

Here, Nwoga's state law claims do not give rise to diversity jurisdiction because complete diversity does not exist between the parties—Nwoga and all named Defendants are citizens of the State of Maryland. Further, because Nwoga's FDCPA claim will not proceed, the Court will decline to exercise supplemental jurisdiction over the state law

6

claims. Accordingly, the Court lacks subject matter jurisdiction over Nwoga's remaining claims, and the Complaint must be dismissed without prejudice.

### D. Motion for Leave to Proceed in Forma Pauperis

Although the Court will dismiss Nwoga's Complaint for lack of subject matter jurisdiction, the Court finds that Nwoga's request for waiver of the civil filing fee is meritorious. Accordingly, the Court will grant Nwoga's Motion for Leave to Proceed In Forma Pauperis.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Nwoga's Complaint (ECF No. 1) and grant Nwoga's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). A separate Order follows.

Dated this 22nd day of November, 2019.

_____/s/_____
George L. Russell, III
United States District Judge